UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUTZEL LONG,

    Plaintiff,

v.                                          Case No. 11-12790

HARTLEY AMUSEMENTS, INC., et al.,

    Defendants.
                                         /

**OPINION AND ORDER DENYING MOTION TO DISMISS FILED BY DEFENDANTS HARTLEY AMUSEMENTS, INC., AND LARRY HARTLEY**

Before the court is a "Motion to Dismiss Hartley Amusements, Inc., and Larry Hartley Pursuant to Federal Rule of Civil Procedure 12(b)(6)." The matter has been fully briefed, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Defendants' motion.

**I. BACKGROUND**

Plaintiff Butzel Long filed this action in Wayne County Circuit Court against Defendants Hartley Amusements, Inc. ("HA"), Riviera Distributors, Inc. ("RDI") and Larry Hartley ("Hartley"), and Defendants timely removed on June 28, 2011, on the basis of diversity of citizenship. The verified complaint asserts three counts against Defendants, all based on legal services allegedly provided by Butzel Long in Michigan. (Compl. ¶ 5.)

Specifically, the complaint alleges that Defendants retained Plaintiff to represent Riviera and Hartley in connection with litigation in the Eastern District of Michigan. (*Id.* ¶ 7.) The complaint states that "Defendants' retention of Butzel Long constitutes a contract whereby Butzel Long agreed to provide legal services to and on behalf of

Defendants, and Defendants agreed to pay Butzel Long for all legal services rendered, together with costs, pursuant to the engagement term sheet." (*Id.* ¶ 8.) The engagement term sheet is attached to the complaint as Exhibit A, and defined as the "Services Contract." (*Id.*) Plaintiff alleges that it performed legal services on behalf of Defendants under the Services Contract, submitted invoices, but has not been fully paid for those services. (*Id.* ¶¶ 9-10.)

Count I of the complaint asserts a breach of contract claim against Defendants, specifically referring to the Services Contract, and maintaining that Defendants' failure to pay for services performed constitutes a breach of contract. (*Id.* ¶¶ 12-17.) Count II asserts a quantum meruit claim against Defendants, stating that Plaintiff conferred a benefit on Defendants, that Defendants received the benefit of legal services, and by not paying for those services have been unjustly enriched. (*Id.* ¶¶ 18-24.) Finally, Plaintiff asserts an "Open Account/Account Stated" claim against Defendants, contending that Plaintiff prepared monthly invoices for services performed for Defendants on an open account. (*Id.* ¶¶ 25-30.)

## II. STANDARD

To obtain dismissal of a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the complaint must fail to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to

>relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations omitted). Therefore, under the pleading standard outlined in *Twombly*, the court assumes the facts recited in the complaint are true, "construe[s] the complaint in the light most favorable to plaintiff," and determines whether a plaintiff has stated a plausible claim. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (internal quotation marks and citations omitted). In application, a "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citation omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

### III.  DISCUSSION

Defendants Hartley and HA ask the court to dismiss them from this action because Plaintiff's complaint purportedly fails to state a claim against them. Defendants assert that they did not enter into any contract with Plaintiff, and that even the Services Contract attached to the complaint does not indicate that Defendants Hartley and HA were parties to the contract. Defendants thus contend that the complaint can state no breach of contract claim against them. Further, because the complaint pleads the existence of a written contract, Defendants argue that Plaintiff is precluded from

3

asserting a quantum meruit claim against them. The court disagrees in all respects.

### A. Breach of Contract

Defendants first attack Plaintiff's Count I, asserting a breach of contract claim. Under Michigan law, an action for breach of contract comprises four elements: 1) existence of a contract, 2) the terms of the contract, 3) breach of the terms, and 4) damages resulting from the breach. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999). Here, a fair reading of the complaint indicates that Plaintiff has sufficiently alleged all of these elements. The complaint specifically alleges that Defendants retained Plaintiff to represent them in the Eastern District of Michigan, and that this retention constituted a contract in which Plaintiff agreed to provide legal services in exchange for payment. (*Id.* ¶¶ 7-8.) Plaintiff also alleges that it performed these services, but that Defendants breached their obligation of payment. (*Id.* ¶¶ 9-10.) While the complaint specifically references the Services Contract, (*id.* ¶¶ 12-17), it is not dispositive at the Rule 12(b)(6) stage that Defendants are not individually named in the Services Contract. It is possible that Plaintiff will produce further evidence of a signed written contract, or evidence indicating adoption of the contract. What is salient to the court's analysis is that Plaintiff successfully alleges the existence of a valid contract, that Defendants were parties to the contract, and that Defendants have asserted enough facts to make these allegations plausible on their face. That Defendants protest any obligation to Plaintiff is, at this point, irrelevant.

Under *Twombly*, the court assumes the facts recited in the complaint are true, "construe[s] the complaint in the light most favorable to plaintiff," and determines whether a plaintiff has stated a plausible claim. *Albrecht v. Treon*, 617 F.3d 890, 893

(6th Cir. 2010) (internal quotation marks and citations omitted). The court finds that Plaintiff's complaint meets the *Twombly* standard and that Defendants' argument amounts to little more than factual disagreement with the allegations in the complaint. Accordingly, the court must deny Defendants' motion as to the breach of contract claim and allow the case to proceed to discovery.[1]

### B. Quantum Meruit/Unjust Enrichment

Defendants next argue that because Plaintiff "has specifically plead[ed] a written contract and invoices sent to RDI[,] Plaintiff is precluded from seeking quantum meruit relief against any defendant." (Pl.'s Mot. at 4.) This argument is simply wrong. Under Federal Rule of Civil Procedure 8(d)(2), Plaintiff is specifically allowed to set forth alternative bases of relief, and the quantum meruit claim is explicitly pleaded in the alternative. (*See* Compl. ¶ 24 ("In the event this Court finds the contracts at issue are unenforceable, the Court should award Butzel Long compensation for its legal services under the legal therory *quantum meruit*.").)

Defendants further argue that Plaintiff has failed to sufficiently plead a quantum meruit claim against them. Unjust enrichment under Michigan law comprises "(1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003); *accord Dumas v. Auto Club Ins. Ass'n*, 473 N.W.2d 652, 663 (Mich. 1993). Plaintiff's Count II alleges that Plaintiff

---

[1] The court also notes that at least one location in the complaint refers to multiple contracts. (*See* Compl. ¶ 24 ("In the event this Court finds the *contracts* at issue are unenforceable . . . ." (emphasis added)).)

conferred a benefit on Defendants in the form of legal services, that Defendants received and retained this benefit, and that they have not paid for those services. (*Id.* ¶¶ 18-24.) These allegations are sufficient to state an unjust enrichment claim, and Defendants' motion will therefore be denied.

### C. Account Stated

Defendants do not appear to separately attack Plaintiff's third count, but instead seem to subsume this argument within their breach of contract claim. In other words, Defendants argue generally that they are under no obligation to pay for legal services, as they did not agree to do so. Because the court has rejected this argument with respect to the breach of contract claim, the court will also reject it with respect to the account stated claim. This factual argument is premature for a Rule 12(b)(6) motion.

To the extent Defendants' motion challenges the sufficiency of the pleadings on this claim, the court rejects the challenge. An account stated is "a balance struck between the parties on a settlement." *Keywell & Rosenfeld v. Bithell*, 657 N.W.2d 759, 777 (Mich. Ct. App. 2002) (citing *Watkins v. Ford*, 37 N.W. 300 (1888)). "[W]here a plaintiff is able to show that the mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance." *Id.*

An account stated may be proven, among other ways, by "evidence of an express understanding, or of words and acts, and the necessary and proper inferences from them." *Keywell*, 657 N.W.2d at 777-78 (quoting *Kaunitz v. Wheeler*, 73 N.W.2d 263 (1955)). Moreover, pursuant to Mich. Comp. Laws § 600.2145, if a plaintiff "makes an affidavit of the amount due and attaches to the affidavit a copy of the account" and

serves these on the defendant, then "the affidavit 'shall be deemed prima facie evidence of indebtedness, unless the defendant with his answer, by himself or agent, makes an affidavit and serves a copy thereof on the plaintiff or his attorney denying the [indebtedness].'" *Klochko Equip. Rental Co. v. Village Green Constr., L.L.C.*, No. 235599, 2003 WL 21398305 (Mich. Ct. App. June 17, 2003) (quoting Mich. Comp. Laws § 600.2145) (alteration in original).

Plaintiff here has alleged the necessary elements of an account stated claim, (Compl. ¶¶ 25-30), and has attached an affidavit setting forth the alleged indebtedness. The court will therefore deny the motion to dismiss in its entirety and allow the case to proceed to discovery.

## IV.  CONCLUSION

For the reasons discussed above, IT IS ORDERED that Defendants' "Motion to Dismiss Hartley Amusements, Inc., and Larry Hartley Pursuant to Federal Rule of Civil Procedure 12(b)(6)" [Dkt. # 2 ] is DENIED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  August 26, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 26, 2011, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-12790.BUTZEL.Dismiss.Contract.wpd